```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
WLODZIMIERZ CZUPINKA,
                        Plaintiff,          **REPORT AND**
                                            **RECOMMENDATION**
        - against -
                                            09-CV-4454 (JBW) (JO)
MIRON GRECZUCH, et al.,
                        Defendants.
-----------------------------------------------------------X
```

**JAMES ORENSTEIN, Magistrate Judge:**

I.   Background

Plaintiff Wlodzimierz Czupinka ("Czupinka") filed a Complaint on October 16, 2009, asserting that defendants Miron and Galina Greczuch unlawfully removed Czupinka's son from Poland to Ukraine in 2005 and since then defied a series of court orders requiring the son's return.  He therefore asks this court to exercise jurisdiction pursuant to the International Child Abduction Remedies Act, 42 U.S.C. § 11601, *et seq.* ("ICARA"), and to order the defendants to return Czupinka's son to his habitual residence in Poland.  Docket Entry ("DE") 1 (Complaint), ¶¶ 1-15.  The defendants having failed to respond to the Complaint, Czupinka now seeks the entry of default.  DE 6.  The Honorable Jack B. Weinstein, United States District Judge, referred the matter to me "to call in the available party or parties to make a preliminary inquiry on whether a default judgment should be entered."  DE 7.  In referring the case, Judge Weinstein observed that "[e]ntry of an automatic default in view of the serious charge in the case is not favored."  *Id*.  Following a hearing on June 24, 2010, Czupinka submitted further briefing on two matters:  the concededly defective service on the defendants, and whether this court has subject matter jurisdiction.  I now make my report and, because I conclude that the court lacks jurisdiction, I respectfully recommend that the court dismiss the Complaint with prejudice.

II.   Discussion

   A.   Service Of Process

At the hearing on June 24, 2010, Czupinka's counsel acknowledged that the defendants have not yet properly been served. Accordingly, regardless of whether the court has jurisdiction to grant the ultimate relief Czupinka seeks in this case, it should not grant the entry of default Czupinka now seeks. However, if the court disagrees with my analysis of the jurisdictional issue, I respectfully recommend that the court grant an additional 120 days from the date of its order for Czupinka to complete the service of process in Ukraine.

   B.   Subject Matter Jurisdiction

In 2005, the defendants, acting without Czupinka's consent, kidnaped Czupinka's minor son and removed him to Ukraine. Complaint ¶ 9. Since then, they have defied court orders requiring the child's return to Czupinka. *Id*. ¶¶ 10-11.[1] As explained below, the timing of the kidnaping at issue precludes this court's exercise of subject matter jurisdiction over Czupinka's claim, and I therefore conclude that the court should dismiss the case with prejudice.

ICARA allows a district court to exercise jurisdiction and order the return of a kidnaped child in certain circumstances, pursuant to this country's ratification of the Hague Convention on the Civil Aspects of International Child Abduction, Oct. 24, 1980, T.I.A.S. No. 11670, S. Treaty Doc. No. 99-11 (the "Convention"). *See* 42 U.S.C. § 11601 *et seq*. (implementing provisions of the Convention in ICARA). "The Convention seeks 'to secure the prompt return of children wrongfully removed to or retained in any Contracting State,' and 'to ensure that rights of custody

---

[1] Although the defendants have not properly been served, and therefore are not in default, I will assume for purposes of this discussion that all of the factual allegations in the Complaint are true.

and of access under the law of one Contracting State are effectively respected in the other Contracting States.'" *Abbott v. Abbott*, 130 S. Ct. 1983, 1989 (2010) (citing Convention, Art. 1, Treaty Doc., at 7).

As the Supreme Court's description of the Convention suggests, this court may only exercise jurisdiction under ICARA if the subject child was "removed to or retained in any Contracting State" – meaning, in the circumstances of this case, that the court's jurisdiction turns on whether Ukraine should be considered a "Contracting State." *See*, *e.g.*, *Mezo v. Elmergawi*, 855 F. Supp. 59, 62 (E.D.N.Y. 1992) ("the Convention does not apply to a child 'removed to' or 'retained in' a country which is not a 'Contracting State'"). The difficulty arises because at the time of the kidnaping at issue, Ukraine had not yet acceded to the Convention. Moreover, the Convention did not enter into force as between Poland and Ukraine until April 1, 2007. HCCH | Acceptances of Accessions, http://www.hcch.net/index_en.php?act=status.accept&mid=974 (last visited July 19, 2010). Because Ukraine was not a Contracting State at the time of the kidnaping of which Czupinka complains, the Convention does not apply and this court lacks jurisdiction. *See*, *e.g.*, *Viteri v. Pflucker*, 550 F. Supp. 2d 829, 833-36 (N.D. Ill. 2008) (rejecting "liberal" interpretation that would allow exercise of jurisdiction in circumstances where a wrongful removal or retention began before the Convention took effect but which continued afterward); *Taveras v. Taveras*, 397 F. Supp. 2d 908, 912-13 (S.D. Ohio 2005) (same).

In seeking to avoid the force of such authority, Czupinka makes two arguments. First, he purports to quote the Supreme Court's opinion in *Abbott*, but leaves out a word that changes its meaning. Specifically, omitting the word "to" from the phrase "removed to", Czupinka renders the Court's description of the Convention's purpose as seeking "to secure the prompt return of

children wrongfully removed or retained in any Contracting State." DE 8, at 1. Czupinka uses that elision to argue that a federal district court has jurisdiction under ICARA where the only country to have acceded to the Convention at the time of the kidnaping at issue is the country from which the subject child is removed – in this case, Poland. The text of both the Convention itself and the *Abbott* decision precludes such an interpretation, and instead supports the stricter reading given by the courts in such cases as *Viteri* and *Taveras*.[2]

Second, Czupinka argues that "the wrongful retention of the child in Ukraine was not completely effected in 2005, since the maternal grandparents [apparently, the defendants] and plaintiff litigated the issue in Ukraine." DE 8 at 2. He goes on to assert that "the last decision in the aforementioned litigation was rendered on or about May 2007, the same year the Ukraine [sic] joined the Convention[.]" *Id*. (citing Complaint Ex. 1 (which in turn shows that the date of the cited decision was May 15, 2007)). Such argument is insufficient for at least two reasons. As a technical matter, Czupinka has not pleaded a claim based on the defendants' continuing retention of his son in Ukraine; instead, he pleads only that the son was wrongfully removed, and that such removal occurred in 2005. *See* Complaint ¶¶ 6 (describing claim as being for "wrongful removal"), 13 (alleging that the defendants "wrongfully removed" Czupinka's son), 14 (asserting that the "illegal abduction" gives rise to a claim under ICARA). Of course, if Czupinka's error was merely a technical failure to assert a claim based on retention, I would urge

---

[2] I do not mean to suggest that Czupinka has intentionally misrepresented the opinion in *Abbott*. I note that his letter brief cites the opinion in general, without providing a specific page citation, and that his description tracks verbatim the (slightly inaccurate) syllabus of the Supreme Court's opinion provided by the official reporter. *See* 130 S. Ct. at 1985. The apparent mistake highlights why counsel should take to heart the reporter's standard disclaimer that such a syllabus "constitutes no part of the opinion of the Court[.]" *Id*. at 1985 n.* (citing *United States v. Detroit Timber & Lumber Co.*, 200 U.S. 321, 337 (1906)).

the court to grant him leave to amend his Complaint and cure the defect.  But Czupinka's error is more substantive:  his argument that the continuing litigation in Ukraine can give rise to jurisdiction in this court is simply at odds with the case law cited above that flatly rejects any contention that such jurisdiction can rest on a pre-accession removal the effects of which continue after accession.  As a result, I must conclude that this court lacks subject matter jurisdiction and that the defect cannot be cured through better pleading.

III.	Recommendation

For the reasons set forth above, I respectfully recommend that the court deny the plaintiff's motion for the entry of default, and instead dismiss the Complaint with prejudice for lack of subject matter jurisdiction.

IV.	Objections

I direct the plaintiff to serve a copy of this Report and Recommendation on each defendant by certified mail, and to file proof of service no later than July 26, 2010.   Any objections to this Report and Recommendation must be filed no later than August 9, 2010.  Failure to file objections within this period designating the particular issues to be reviewed waives the right to appeal the district court's order.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010).

**SO ORDERED.**

Dated: Brooklyn, New York
       July 19, 2010

/s/ James Orenstein
JAMES ORENSTEIN
U.S. Magistrate Judge

5